NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SPRING LAKE MUNICIPAL COURT, et al.,

        Plaintiffs,

v.

Keith J. Gladdin,

        Defendant.

Civ. No. 11-cv-5840

OPINION

THOMPSON, U.S.D.J.

      This matter has come before the Court on Defendant Keith J. Gladdin's Notice of Removal pursuant to 28 U.S.C. § 1446. It is unclear on what basis removal is premised. It appears, however, that Defendant argues that removal jurisdiction is proper on the basis that his counter claim both exceeds the jurisdictional limit for diversity jurisdiction under 28 U.S.C. § 1332 and raises federal questions under 28 U.S.C. § 1331.[1] Removal is improper, and the Court moves *sua sponte* to remand this case to state court for further proceedings.

      Removal jurisdiction is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," unless otherwise provided by Congress. 28 U.S.C. § 1441(a). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). The content of Defendant's counter claim is irrelevant for purposes of determining whether removal is proper.

---

[1] Defendant's Notice of Removal states that removal is proper "on the grounds that the counter claim exceeds the jurisdictional limits of the small claim courts [*sic*], United States Code Title 28, Section 1331 Federal Question." [Docket #1].

1

In this case, Defendant was originally served with a summons and complaint for a violation of state law. [Docket #1]. This clearly does not fall within the Court's original jurisdiction. First, no federal question makes up an "ingredient" of the Plaintiffs' complaint. *See* 28 U.S.C. § 1331; *see also City of Chicago*, 522 U.S. at 164–65 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 436 U.S. 1, 13 (1983)); *Siler* v. *Louisville & Nashville R. Co.,* 213 U.S. 175 (1909). Second, both parties reside in and are citizens of the State of New Jersey, and therefore diversity among parties is lacking. *See* 28 U.S.C. § 1332(a). Thus, Defendant is not entitled to remove this case.

Accordingly, IT IS on this 11th day of October 2011

ORDERED that this case be remanded to the state court from which it was removed; and it is

ORDERED that this case is CLOSED.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.